UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WALTER A. GALLEGOS ORELLANA,

Petitioner,

v.                                                          Case No. 26-cv-0603-bhl

WARDEN E. EMMERICH and
IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

## RULE 4 SCREENING ORDER

Petitioner Walter A. Gallegos Orellana, proceeding *pro se*, seeks expedited relief under 28 U.S.C. §2241.  Gallegos Orellana is an inmate incarcerated by the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Oxford, Wisconsin (FCI Oxford).  He contends that BOP officials have denied him earned-time credit under the First Step Act that, if applied, would result in his immediate release.  Gallegos Orellano also challenges the legality of an expedited order of removal issued under 8 U.S.C. §1225(b)(1).  For the reasons that follow, Gallegos Orellana's petition will be dismissed in part for lack of jurisdiction and otherwise denied.

## BACKGROUND

Gallegos Orellana is a citizen of Guatemala.  (ECF No. 1-1 at 2.)  On December 21, 2023, he was sentenced in the Eastern District of Texas to seventy-two (72) months' imprisonment and two (2) years' supervised release for conspiracy to manufacture and distribute five (5) kilograms or more of cocaine and is serving his sentence at FCI Oxford with a release date of January 28, 2027.  (*Id.* at 5); *see* https://www.bop.gov/inmateloc/ (last visited 4/17/26).  Gallegos Orellana acknowledges that he was "extradited and/or involuntarily paroled into the United States for prosecution under 8 U.S.C. §1182(d)(5)."  (ECF No. 1 at 4.)

On July 16, 2024, U.S. Immigration and Customs Enforcement issued a Notice and Order of Expedited Removal and Order of Removal against Gallegos Orellana under Section 235(b)(1) of the Immigration and Nationality Act (INA), 8 U.S.C. §1225(b)(1).  (ECF No. 1-1 at 2.)  The Order of Removal is signed by Deportation Officer Brian Skelly and Brent Kriehn, a supervisory

official.  (*Id.*)  The order states that Gallegos Orellana is inadmissible under 8 U.S.C. §1182(a)7(A)(i)(I) and therefore subject to removal because (1) he is not a citizen or national of the United States; (2) he is a native and citizen of Guatemala; (3) he lacks valid entry documentation; (4) he is not in possession of a valid unexpired passport or other suitable travel document, or document of identity and nationality.  (*Id.* citing 8 U.S.C. §1182(a)(7)(A)(i)(I).)  Gallegos Orellana complains that, as a result of the order of removal, the BOP has determined that First Step Act time credits do not apply to him which has affected the length of his imprisonment.  (ECF No. 1 at 3.)  Gallegos Orellano seeks immediate release from custody.  (*Id.* at 16.)

## LEGAL STANDARD

Under 28 U.S.C. §2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2241(c)(3).  This includes challenges by non-citizens in immigration related matters.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Under Rule 4 of the Rules Governing §2254 Cases, which the Court also applies to §2241 petitions, *see* Rule 1(b), Rules Governing §2254 Cases; Civil Local Rule 9(a)(2), the Court will review and screen the petition.  As part of the screening process, the Court will dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See* Rule 4, Rules Governing §2254 Cases in the United States District Courts.  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]"  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## ANALYSIS

In his habeas petition, Gallegos Orellana argues that he is being unlawfully detained as a result of being ineligible for First Step Act time credits based solely on the order of removal entered against him by U.S. Immigration and Customs Enforcement.  (ECF No. 1 at 7–9.)  He asks that this Court declare the "unlawful order of removal void ab initio," order the Warden of FCI Oxford to apply his earned First Step Act time credits, and issue a restraining order against Immigration and Customs Enforcement so that he may be allowed to "depart voluntarily before being subjected to any removal proceedings."  (*Id.* at 16.)  Gallegos Orellana also contends that his confinement violates the Fifth Amendment and the Suspension Clause.  (*Id.* at 9.)

**I. First Step Act Time Credits Do Not Apply to a Prisoner Subject to a Removal Order.**

The First Step Act of 2018 enacted a potential change to the duration of a criminal defendant's federal prison sentence by creating an "evidence-based recidivism reduction" program that incentivizes inmates to participate in and complete program and productive activities by awarding them "10 days of time credits . . ." and "an additional 5 days of time credits for every 30 days of successful participation" if the prisoner is determined to be at a minimum or low risk of recidivism. 18 U.S.C. §3632(d)(4)(A). Certain prisoners are statutorily ineligible to apply earned time credits towards time in custody. Specifically, federal prisoners who are "the subject of a final order of removal under any provision of the immigration laws" are "ineligible to apply time credits." 18 U.S.C. §3632(d)(4)(E)(i); *see also* 28 C.F.R. §523.44(a)(2) (stating that "[f]or any inmate eligible to earn FSA Time Credits . . . who is [s]ubject to a final order of removal under immigration laws . . . the Bureau [of Prisons] may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release."). Because Gallegos Orellana is subject to a removal order, he is statutorily barred from having First Step Act time credits applied to his release date. The Court is without authority to order the warden to apply any First Step Act time credits to Gallegos Orellana's sentence. Gallegos Orellano also does not have any liberty interest in the opportunity to earn First Step Act time credits or a constitutional right to apply his time credits in a specific manner, thus, his due process claim is without merit. *See Cheng v United States*, 725 F. Supp. 3d 432, 440 (S.D.N.Y. 2024) (collecting cases).

**II. District Courts Are Barred From Reviewing Removal Orders.**

To the extent Gallegos Orellana is contending his removal order is unlawful, district courts do not have subject matter jurisdiction to consider any issues pertaining to an order of removal as Gallegos Orellana appears to acknowledge. (ECF No. 1 at 3 ("the INA statute precludes judicial and habeas review of expedited removal orders issued under §1225(b)(1)".) If Gallegos Orellana wishes to challenge his removal order, the applicable circuit court of appeals, in this case the Seventh Circuit, is the "sole and exclusive means for judicial review" for orders of removal. *See* 8 U.S.C. §1252(a)(5); *see also Padilla v. Gonzales*, 470 F.3d 1209, 1213 (7th Cir. 2006) (finding that "Congress clearly intended the courts of appeals to be the one judicial forum for hearing challenges to administrative removal orders."). As a result, any habeas petition under §2241 seeking judicial review of a removal order "must be dismissed; it can be neither entertained nor transferred [to the court of appeals]." *Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006). And,

although there is an exception to the jurisdiction-stripping provision found in §1252(a)(5), none of Gallegos Orellana's claims fit within this limited exception. *See* 8 U.S.C. §1252(e)(2)(A)–(C) (excepting claims concerning whether the petitioner is an alien, whether a removal order was issued, and whether the petitioner qualifies as a lawful permanent resident, refugee, or has been granted asylum.)

Gallegos Orellana argues that the removal order was illegally imposed on him and appears to claim that he is not an "alien" as defined in §1252(b)(1) because he was involuntarily paroled into the United States for criminal prosecution. (ECF No. 1 at 7–8.) This argument has been rejected by the Seventh Circuit. *Montes Cabrera v. U.S. Dep't of Homeland Sec.*, No. 24-3079, 2025 WL 1009120, at *2 (7th Cir. Apr. 4, 2025) (holding that "[t]he term 'alien,' in fact, is defined by the Immigration and Nationality Act as 'any person not a citizen or national of the United States,' 8 U.S.C. §1101(a)(3), and this definition applies to the entire Act, *id.* § 1101(a), including the jurisdictional exceptions set forth in §1252(e)"); *see also Montes v. Dep't of Homeland Sec.*, No. 25-cv-372-wmc, 2025 WL 1638439, at *2 (W.D. Wis. June 9, 2025) ("Parole grants an alien temporary entry into the United States for a certain purpose and can be terminated at any time . . . . Aliens paroled into the United States are considered 'arriving aliens' and applicants for admission. 8 U.S.C. §1225(a)(1)[.]"); *Morales-Ramirez v. Reno*, 209 F.3d 977, 978 (7th Cir. 2000) ("'Parole' into the United States allows an individual physically to enter the country, but it is not equivalent to legal entry into the United States."). When parole terminates or the purposes of such parole have been served, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. §1182(d)(5)(A).

Here, there is no question that an expedited order of removal was issued on July 16, 2024 and Gallegos Orellano does not contend otherwise. Nor does he argue that he qualifies as a lawful permanent resident, refugee, or asylee. Gallegos Orellana is essentially asking this Court to review whether the expedited removal order is lawful as applied to him. This inquiry, however, falls outside §1252(e)(2)'s narrow exceptions. Congress has expressly foreclosed this Court's jurisdiction over such a challenge and, therefore, habeas review is prohibited.

**III.    The Suspension Clause Does Not Convey Jurisdiction for Gallegos Orellana in this District Court.**

Gallegos Orellana also contends that this Court has jurisdiction under the Suspension Clause to hear his petition. (ECF No. 1 at 5, 10–13.) This contention lacks merit. The Suspension Clause of the United States Constitution states: "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. To avoid Suspension Clause problems, judicial review of removal orders is permitted in the federal courts of appeals over "constitutional claims or questions of law." 8 U.S.C. §1252(a)(2)(D); *see also Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) (noting that "[t]he REAL ID Act[1] clarified that final orders of removal may not be reviewed in district court, even via habeas corpus [in all but a few limited cases], and may be reviewed only in the courts of appeals." (citing §1252(a)(5)).

The Supreme Court has clarified that the Suspension Clause applies only to those "core" habeas claims seeking release from custody, which fell within the scope of habeas release "when the Constitution was drafted and ratified." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (quoting *Boumediene v. Bush*, 553 U.S. 723, 746 (2008)). It does not include claims seeking relief from removal in the immigration context. *Id.* at 116–17 (holding that the federal statute limiting habeas review of expedited removal proceedings does not violate the Suspension Clause, which does not contemplate a right to "enter or remain in a country or to obtain administrative review potentially leading to that result."). The Suspension Clause does not help Gallegos Orellano. In conclusion, because the petition, which essentially seeks review of a removal order, does not satisfy any of the limited exceptions found in §1252(e)(2), it must be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[1] The REAL ID Act was enacted on May 11, 2005 as part of the "Emergency Supplemental Appropriation Act for Defense, the Global War on Terror, and Tsunami Relief, 2005." Pub.L. No. 109–13, 119 Stat. 231 (2005). Section 106 of the Act amends §242 of the Immigration and Nationality Act of 1952, 8 U.S.C. §1252, by changing the procedures for judicial review of administrative final orders of removal. The Act specifically strips the district courts of their habeas corpus jurisdiction over orders of removal and mandates that the courts of appeals shall be the sole and exclusive means for judicial review of an order of removal.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's federal habeas corpus petition under 28 U.S.C. §2241, ECF No. 1, is **DISMISSED in part for lack of jurisdiction and otherwise DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly and close this case.

Dated at Milwaukee, Wisconsin on April 17, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge